ROMÁN FÉLIX, Plaintiff and Appellant, v. GUILLERMO ESTEVES, Commissioner of the Interior, Defendant and Appellee.

No. 5088. Argued April 22, 1930.—Decided January 19, 1931.

Luis *Muñoz Morales* for appellant. *James R. Beverley, Attorney General, Arturo Ortiz Toro, First ·Assistant Attorney General,* and *M. Rodríguez Serra, Second Assistant Attorney General,* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Román Félix filed in the District Court of San Juan a suit for an injunction against Guillermo Esteves, as Commissioner of the Interior of Puerto Rico, and substantially alleged that the plaintiff is the owner of several trucks used in the transportation business in this Island, including two trucks operated under number plates H. P. 170 and 107, issued by the Department of the Interior of Puerto Rico; that the said Commissioner ordered the police to seize said plates H. P. 170 and 107, which were surrendered by the plaintiff, who discontinued the operation of the trucks bearing the said plates and has thereby sustained great damage; that he had been advised that the said measure was taken because his trucks had been carrying a heavier load than that allowed by the Motor Vehicles Act; and that the commissioner had acted wrongfully and illegally. He prayed for a peremptory writ of injunction commanding the commissioner to return said plates and to cease issuing orders of confiscation of such plates without a previous ·charge and conviction in a competent tribunal.

The court made an order directing the defendant Guillermo Esteves to appear and show cause why the writ of

injunction sought should not issue. The defendant complied with the order and filed a demurrer to the petition for lack of facts sufficient to constitute a cause of action; also a statement of the reasons why the writ should not issue, together with his answer in which he set forth several allegations and twelve special defenses.

After hearing the evidence introduced by the parties, the court entered a decision refusing to issue a preliminary writ. An appeal has been taken from that decision by the plaintiff and appellant, who assigned two errors as follows:

"First error. The district court erred in denying the petition for injunction on the ground that the Commissioner of the Interior had authority to seize truck number plates and cancel plaintiff's license without due process of law.

"Second error. The district court erred in denying the petition for injunction on the ground that injunction is not the proper remedy to recover from the Commissioner of the Interior the number plates which he ordered to be seized."

There is involved in the present case a point, which must be considered and decided. It has been alleged by the plaintiff that the confiscation of his number plates, which really amounts to a cancellation of his license, is an illegal deprivation of his property without due process of law. As rightly urged by the appellee, a license to operate an automobile is not a franchise, but a privilege which may be revoked for cause. Huddy on Automobiles, 4th ed., section 95.

The granting of a license does not confer any property rights. It is granted on the implied condition that it will be subject to legal provisions or orders. Act No. 75 of 1916, as amended in 1921, 1925, and 1926, is clear as to which are those provisions. Subsection or paragraph (h) of section 3 of the act (as amended by Act No. 9, approved July 15, 1926), reads as follows:

"Section 3.—(h) The Commissioner of the Interior may suspend or cancel the license, and order confiscation of the number plates, of any motor vehicle engaged in the public service when such license

and number plates were obtained solely for private service; and he may cancel the license of any motor vehicle engaged in the public service when, in his judgment, the automobile is operating under such conditions as to constitute a menace to the public safety."

It is true that section 18 of said Act No. 75, as amended by Act No. 9, approved July 15, 1926, prescribes a penalty for those who transport on a motor vehicle a load heavier than that authorized by law. But there is no conflict between the criminal prosecution provided by that section and the administrative action authorized by paragraph (*h*) of section 3. The former provides a penalty for the violation; the latter authorizes a means for preventing injury to the community and to public safety. The criminal and the administrative proceedings may coexist without interfering with each other.

The evidence introduced and heard fully justifies the decision of the trial judge. It was actually shown that the trucks of the appellant herein, with deplorable frequency, carried heavier loads than those authorized by law and by the license, to such an extent that truck plate number 170, authorized to carry ten tons as gross weight, on occasions carried an excess of 57 hundredweights (*quintales*) and also 100 hundredweights. Thus loaded, trucks constitute a real menace to the traffic on the road, because they must take a larger area of the roadbed, obstructing the traffic in both directions, and if they go off the road they might easily overturn and gravely endanger such persons as might be near them. It is likewise difficult to stop an overloaded truck in an emergency, and their overloading is very detrimental to bridges and culverts, some of the former having been destroyed by the constant passage over them of overloaded trucks. The action taken by the Commissioner of the Interior in the present case was certainly correct. By reason of the propriety of such action and the grounds therefor on the one hand, and the constant jurisprudence regarding the

cautiousness. to be observed in the issuance of writs of injunction on the other hand, and, finally, because the granting of such writs must be a matter of discretion and not *ex debito justitiae,* no other decision should have been expected than the one rendered in this case by the lower court.

The decision appealed from must be affirmed.